[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on defendant's motion for summary judgment. The defendant has based its claim by arguing that since it is a municipality it is immune and further, that the complaint fails to state a cause of action upon which relief may be granted.
The plaintiff alleges in his complaint that as a result of potholes and bumps in the road, he lost control of his motorcycle and impacted with a stone wall, which cause his injuries. He claims negligence on the part of the defendant town in one or more of the following respects: (1) failure to fill or repair the potholes; (2) failure to remove or repair the bumps; (3) permitting the unsafe condition to remain for an unreasonable period of time; and (4) failure to warn.
Readings have been closed.
It appears to this court, that on the bases of the complaint, as drafted Sanzone v. Board of Police Commissioners,219 Conn. 179 (1991) is dispositive of this issue. In that case, the plaintiffs argued that Connecticut General Statutes section 52-557n, section 13 of the Tort Reform Act of 1986 permits a claim in nuisance and negligence regardless of whether or not there is also a valid claim under the so called Highway Defect Statute, Connecticut General Statutes section13a-149. The Supreme Court of Connecticut disagreed holding CT Page 6310 ". . .we construe section 52-557n to provide that an action brought under the highway defect statute, section 13a-149, is a plaintiff's exclusive remedy against a municipality. . .' for damages resulting from injury to any person or property by means of a defective road or bridge.'" Id. at 192. Accordingly, no action may be maintained in nuisance or negligence that might have been brought under the highway defect statute. Id. at 198-99.
The complaint clearly sounds in negligence rather than a breach of a statutory duty. This court is aware that there was a previous referral by a judge that this action falls under Connecticut General Statutes section 13a-149, a careful review of the complaint, however, compels this court to aspire that the complaint fails to reveal any highway defect claim. This court is also aware that a conflict of authority exists as to whether sole proximate cause need to be pled or whether an allegation of due care is sufficient. In any event, in this action, the plaintiff has alleged neither that the defect was the sole proximate cause of his injuries or that he was exercising due care. This leads the court to conclude that the complaint only alleges those elements necessary to prevail in a negligence claim. See Stevens v. City of New Haven, 1 CTLR 780 (June 19, 1990, Koletsky, J.); Bosquet v. Burns, 5 CSCR 178
(January 30, 1990, Freed, J.); Santos v. City of Hartford,4 CSCR 725 (August 19, 1989, Schaller, J.) which indicate that in order to fall within the ambit of section 13a-149, there must be either an allegation of "sole proximate cause" or "exercise of due care".
The court must address the prior determination by another judge that this case is one which falls within the preview of section 13a-149. In Breen v. Phelps, 186 Conn. 86,99-100 (1982) our Supreme Court recognized the problem which may arise when a judge overrules his own ruling, let alone those of another judge. It further advised that a judge should hesitate before embarking on such a course. Nonetheless, the court also stated that when a judge became convinced that the law applied by the judge's coordinate predecessor was clearly erroneous and would work manifest injustice if applied, the judge should apply his or her own judgment! This is such a case.
The defendant's motion for summary judgment is granted.
MIHALAKOS, J.